JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VILLA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No. ED CV 19-0234 DOC (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　The Court summarily dismisses Petitioner's unintelligible habeas corpus action without prejudice.

\* \* \*

　　1.　Petitioner Villa is an inmate at the federal prison in Victorville in this judicial district. In February 2019, he filed a habeas corpus action in the federal district court in the Southern District of California. According to the form petition, the action purported to assert habeas claims under 28 U.S.C. § 2241. (Docket # 1.) The district court in the Southern District subsequently

1. transferred the action to the Central District (the region in which Petitioner is housed) for further proceedings. (Docket # 2.)

2. Magistrate Judge Wilner screened the petition under Habeas Rule 4. (Docket # 5.) Judge Wilner informed Petitioner that Section 2241 relief is ordinarily limited to a challenge to "the manner, location, or conditions of a sentence's execution." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). A prisoner may pursue habeas relief where a favorable result (such as the reversal of a disciplinary action and the loss of good time credits) will shorten the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003).

3. However, Petitioner's original petition consisted of an unintelligible set of allegations regarding the "satisfaction of judgment" in his criminal case and demands regarding the "purchase of common and preferred stock" from the United States. (Docket # 1 at 5.) Judge Wilner concluded that the petition did not "state a recognizable cause of action[,] doesn't clearly state that Petitioner wants to be released from custody and, if so, why he's entitled to that under federal law." (Docket # 5 at 1.) Judge Wilner directed Petitioner to submit a supplemental statement "explaining clearly the legal claims presented in the petition" that could plausibly lead to habeas relief under Section 2241. (Id. at 2.)

4. Petitioner filed a statement in early April 2019 responding to the screening order. (Docket # 13.) The supplemental statement did not offer any factual or legal explanation of Petitioner's claim. Rather, Petitioner complained about various judges and demanded that the case be returned to the San Diego district judge who apparently sentenced him in his criminal case.

\* \* \*

5. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see

also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

6. Petitioner's habeas petition fails on its face to state a cognizable claim for relief. Further, when advised by the magistrate judge of the deficiencies with his pleading, Petitioner failed to file an understandable statement of his habeas contentions.

7. Therefore, pursuant to the authorities cited above, the present action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: April 18, 2019

_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE